[L. A. No. 4107. Department Two.—May 28, 1915.]

In the Matter of the Estate of LAURA J. HASKINS, Deceased.

INHERITANCE TAX LAW—DUTY OF APPRAISER—DUTY OF PROBATE COURT TO FOLLOW STATUTORY PROCEDURE—APPEAL BY STATE CONTROLLER. The duties of an inheritance tax appraiser, differing from those of general probate appraisers, are to report on the character and probable value of so much of the estate as is liable for the inheritance tax and to determine whether transfers have been made by the decedent which are subject to inheritance taxation. A hearing of a report of the inheritance tax appraiser before the probate court upon notice, a determination by the court after such hearing, and an authorization to the county treasurer to receive the inheritance tax when such formal proceedings have been taken, is provided by the law, and independently of whether the state sustains any loss through a course followed by the court differing from this, the state controller is entitled to insist that the procedure as outlined by the statute be followed. An order of final distribution made and later amended *nunc pro tunc* determining the amount of the in-

heritance tax, although the amount be correct, will not prevent the controller from insisting upon the statutory course.

ID.—APPOINTMENT OF APPRAISER BY PROBATE COURT—FAILURE OF INHERITANCE TAX APPRAISER TO ACT WITH PROBATE APPRAISERS—EXPENSES OF APPRAISEMENT—COURSE SUGGESTED TO EXECUTOR OR ADMINISTRATOR.—The court in probate appoints three appraisers of whom one must be a regularly constituted inheritance tax appraiser. The court must appoint one inheritance tax appraiser but need not appoint more than one. If the inheritance tax appraiser fails to act with the probate appraisers, the expenses of making the inheritance tax appraisement are payable out of the funds of the estate. To avoid this expense an executor or administrator may well see to it that the inheritance tax appraiser acts with the probate appraisers.

PROBATE APPRAISERS—DUTY OF SAME.—The duty of appraisers in probate is to report upon the character and probable value of the properties of the estate.

APPEAL from a decree of the Superior Court of Los Angeles County settling a final account and distributing the estate of a deceased person. James C. Rives, Judge.

The facts are stated in the opinion of the court.

Robert A. Waring, Inheritance Tax Attorney, John W. Carrigan, Assistant Inheritance Tax Attorney, and U. S. Webb, Attorney-General, for Appellant.

Harry B. Washburn, for Respondent.

HENSHAW, J.—By the will of Laura J. Haskins, deceased, all of her estate was given to her step-son, George M. Haskins. This will was duly admitted to probate and all probate proceedings thereunder were regularly had and taken. The time came when the estate was ready to be closed, and George M. Haskins, above named, who was also the executor of the estate, filed his final account and report and therewith his petition for distribution. It was set forth, and on the hearing shown, that the estate consisted of $1055.39 in money; that there were no offsets against this amount for claims or credits or disbursements. Erroneously the petition declared that no inheritance tax was chargeable or payable upon the inheritance of George M. Haskins or upon any of the property of the estate. Thereupon the court settled the final account and distributed the whole of the estate to George

M. Haskins. From this decree the controller of the state appealed, upon the ground that there was an inheritance tax due to the state and that the steps prescribed by law had not been taken in the matter of the appraisement of such inheritance tax and that the decree of distribution made no award to the state of such a tax. Following the taking of this appeal the court, by a *nunc pro tunc* order, corrected the decree of final distribution, the correction consisting in a finding that an inheritance tax of $27.67 was due the state of California; that this sum was "in open court" ordered paid; "that said executor tendered the amount of said inheritance tax to the county treasurer of the county of Los Angeles on the 7th day of October, 1914" (the day upon which the original decree of final distribution was made), and that the county treasurer refused to receive this sum.

It is not in question but that the *amount* of the inheritance tax which the court thus decreed is the amount justly due to the state under the law. (Inheritance Tax Law, 1911, secs. 2, 3 and 4, Stats. 1911, p. 713, et seq.) The *procedure,* however, which the court adopted, it is urged, is so at variance with the law governing the matter as to call for a reversal, with directions to the court in probate to proceed in conformity with that law. To the method of procedure laid down we are thus brought.

Section 1444 of the Code of Civil Procedure, as it originally stood, made provision for the appointment of three appraisers, any two of whom may act, and who perform the familiar function of appraisers of estates in probate. As amended in 1911, that section now prescribes that the judge must appoint of the three probate appraisers one who is an inheritance tax appraiser. Section 14 of the Inheritance Tax Act of 1913 [Stats. 1913, p. 1076], provides that the state controller shall appoint "one or more persons in each county of the state to act as inheritance tax appraisers therein. Every such inheritance tax appraiser (in addition to any fees paid him as appraiser under section 1444 of the Code of Civil Procedure) shall be paid by the county treasurer out of any funds that he may have in his hands on account of said tax, on presentation of a sworn itemized account and on the certificate of the superior court, at the rate of five dollars per day for every day actually and necessarily employed in said inheritance tax appraisement, together with his actual and

necessary traveling and other incidental expenses, and the fees paid such witnesses as he shall subpoena before him, which fees shall be the same as those now paid to witnesses subpoenaed to attend in courts of record; *provided,* that in any probate proceeding in which the executor or administrator shall have failed to have had the inheritance tax appraiser act as one of the appraisers under section 1444 of the Code of Civil Procedure and to have paid him his fees therefor, the expense of making the inheritance tax appraisement in this act provided for shall be paid out of said estate, and the executor or administrator thereof shall be liable for said fee." Section 16, subdivision *a* of the same act, declares that, "When any superior court having jurisdiction in probate of the estate of any decedent, or a judge of such court, shall, in accordance with section 1444 of the Code of Civil Procedure, appoint the appraiser or appraisers in said section provided for, said superior court or judge thereof shall also at the same time designate and appoint an inheritance tax appraiser (unless such designation and appointment be previously made) to ascertain and report to said superior court the amount of inheritance tax due upon any property passing in said probate proceeding, or a lien thereon, or upon any other property transferred within the meaning of subdivision 3 of section 2 of this act, to any person, institution or corporation, taking property under and by virtue of said probate proceedings, together with such other additional information as shall assist said court in the determination of said tax . . . Upon the completion of his inheritance tax appraisement in any probate proceeding, the inheritance tax appraiser shall make a report in writing to the superior court of the clear market value of the several interests in the estate of the decedent, and shall report the amount of inheritance or transfer tax chargeable against, or a lien upon such interests, acquired by virtue of said probate proceedings or by any transfer within the meaning of this act to any person, institution, or corporation acquiring any property by virtue of said probate proceedings, together with such other facts as may advise the court in regard thereto, or which the court may require, and may return to said superior court such depositions as he may have had reduced to writing, exhibits, or other testimony or information taken before him, or submitted to him." Under subdivision *b* of the same section the

appraiser is required to mail a copy of his report to the state controller and "the clerk of said superior court shall forthwith give notice of such filing to all persons interested in such proceedings, by posting, and in addition thereto shall forthwith mail to the state controller and to the county treasurer, and to all persons chargeable with any tax in said report who have appeared in such proceeding, a copy of said notice. At any time after the expiration of ten days thereafter, if no objection to said report be filed, the said superior court may give and make its order confirming said report and fixing the tax in accordance therewith. At any time prior to the making of said order, any person interested in said proceeding, (including the state controller or the county treasurer) may file objections in writing to said report. Thereupon said superior court shall, by order, fix a time, not less than ten days thereafter, for the hearing thereof, and shall direct the clerk of said superior court to give such notice thereof as it shall deem necessary; *provided,* that a copy of such notice and of such objections shall be forthwith mailed to the state controller, county treasurer and inheritance tax appraiser. Upon the hearing of said objections, said court may make such order as to it may seem meet and proper in the premises." Section 17 deals with the proceedings which shall follow the inheritance tax appraiser's disclosure that a transfer of property of the decedent has been made, the property affected by which transfer being subject to an inheritance tax. Further provisions of the act authorize the reception by the county treasurers of the amount of the tax when determined in accordance with the law.

With these provisions before us (and they are thus elaborately set forth, not because of their consequence in this litigation, but because the state has asked a definition of the powers and duties of our courts in probate), we may briefly sum up the matter. The controller names one or more inheritance tax appraisers in each county. The court in probate names three disinterested appraisers for each estate in probate. Of these appraisers in probate, one must, and the the others may or may not (within the discretion of the court in probate) be selected from the list of authorized inheritance tax appraisers within the county. There is no compulsion in the law upon the court in probate to appoint more than one inheritance tax appraiser as a probate appraiser. It does be-

come the duty of the probate court, under section 16, to appoint, however, an inheritance tax appraiser. His duties and functions are quite independent and apart from those of the probate appraisers. The law in this regard prescribes merely that if the inheritance tax appraiser shall have failed to act as one of the probate appraisers, the expense of making the inheritance tax appraisement shall be paid out of the estate and not out of the inheritance tax fund under the control of the county treasurer. As a matter of economy, therefore, the executor or administrator may well see that such inheritance tax appraiser acts in the matter of the inventory and appraisement of the estate. But, again, we repeat, there is no compulsion in the law that this shall be done, the penalty for a failure so to do being fixed by section 14 of the statute as above set forth. We may in this connection, however, anticipate the law by calling attention to the fact that by an amendment to section 1444 of the Code of Civil Procedure, which amendment becomes operative on or about the 7th of August next, it will become the duty of the court in probate not only to appoint an inheritance tax appraiser as one of the three probate appraisers, but the probate appraisement itself can be made by two of those three appraisers only in event that the inheritance tax appraiser is one of the two. (Stats. 1915, p. 434, chap. 197.)

While the appraisers in probate report upon the character and probable value of all the properties of the estate, the duties of the inheritance tax appraiser are essentially different. He is to report upon the character and probable value of so much of the estate as is liable for the inheritance tax, and, still further, he is to determine whether transfers of property have been made by the deceased of such nature as to render the property transferred liable to the inheritance tax. (*Estate of Reynolds,* 169 Cal. 600, [147 Pac. 268].)

Furthermore, the law contemplates notice and a hearing of the report of such inheritance tax appraiser, a determination by the court after such hearing, and an authorization to the county treasurer to receive the inheritance tax when such formal proceedings have been taken. The state itself may justly be heard to complain if the course prescribed by its own law is not followed, and it is not a sufficient answer to say that in the individual case no wrong has resulted. Judicially we cannot upon this bench know whether error has been com-

mitted and wrong has resulted until after the formal hearing and determination so plainly prescribed by the law. The treasurer, therefore, was justified in refusing to receive this money in settlement of the inheritance tax of the estate in the absence of a decree of the court in probate fixing the amount of that tax. The order of the court amending its decree could not avail to cure these radical omissions.

The decree appealed from is reversed, with directions to the trial court to pursue, in the matter of the closing of the estate, the course prescribed by law.

Lorigan, J., and Melvin, J., concurred.