ETIENNE LATULIPPE *v.* CITY OF BURLINGTON.

May Term, 1919.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed October 7, 1919.

*Municipal Corporations—Liability for Injury from Defective Sidewalk.*

In an action against a city for injuries received from a defective sidewalk which the defendant was bound by law to keep in safe repair, a finding that the defendant was negligent in the care thereof, was, in view of a judgment below for the defendant, and of the fact that the care of public streets, including sidewalks, is a governmental function, in effect a finding that the officers having charge of the repair of the sidewalk were negligent, and not the defendant.

The mere fact that a governmental duty, such as caring for the public
streets and walks, is imposed upon a municipality, in the absence
of any statute to that effect, does not render the municipality liable
for an injury resulting from the neglect of that duty.

In such case the negligent acts and omissions are deemed those of the
officers having charge of the matter, who are considered as acting
in behalf of the State in the performance of governmental func-
tions; and no action lies against the municipality.

ACTION OF TORT for negligence. Plea, the general issue.
Trial by Court at the September Term, 1911, Chittenden County,
*Stanton*, J., presiding. Judgment for the defendant. The
plaintiff excepted. The opinion states the case.

*John H. Mimms* for the plaintiff.

*Theo. E. Hopkins* for the defendant.

MILES, J. This is an action of tort to recover damages for
an injury to the plaintiff while walking upon the sidewalk of
one of the public streets in defendant city, and resulted, as the
trial court has found, from a fall caused by a defect in the side-
walk, conceded to be within the limits of a street which the de-
fendant was bound by law to maintain and keep in repair. The
case was tried by court, facts were found and judgment rendered
thereon for the defendant, to which the plaintiff excepted.

To entitle the plaintiff to recover for a neglect in the care
of the sidewalk, the fact must appear that the defendant owed
her a duty in respect to the safe condition of the sidewalk at the
point where the injury was received, which it failed to perform,
and that there is a legal right to recover on account of such
neglect.

The trial court has found that the defendant, whose duty it
was to keep the public street in suitable repair, was negligent in
the care of the sidewalk in question, and that the plaintiff was
without negligence. Viewed literally, the finding may be con-
strued as its language imports; but when considered in connec-
tion with the judgment rendered upon the facts found, and in
view of the fact that the care of public streets, including side-
walks, is a governmental function, the finding was in effect that
the officers having charge of the repairs of the sidewalk in ques-
tion were negligent and not the defendant. The mere fact that

a governmental duty is imposed upon a municipality, in the absence of any statutory provision relating to that matter, does not render the municipality liable for an injury resulting from the neglect of that duty. In such case the acts and omissions constituting the negligence complained of are not deemed to be the acts and omissions of the municipality, but rather those of the officers having charge of the matter, who are considered as acting in behalf of the State in the performance of governmental functions. *Sanborn* v. *Village of Enosburg Falls,* 87 Vt. 479, 481, 89 Atl. 746, and cases cited; *Morgan* v. *Village of Stowe,* 92 Vt. 338, 104 Atl. 339, L. R. A. 1917 F, 1000. For such neglect no action lies against the municipality. *Buchanan* v. *Barre,* 66 Vt. 129, 28 Atl. 878, 23 L. R. A. 488, 44 Am. St. Rep. 829; *Ford* v. *Braintree,* 64 Vt. 144, 23 Atl. 633; *Sanborn* v. *Village of Enosburg Falls, supra; Morgan* v. *Stowe, supra.*

With reference to the claim of the plaintiff that the negligence of the defendant in the care of the shade tree was the proximate cause of her injury, it is enough to say that there is no finding that the neglect to properly care for the shade tree was the proximate cause of the plaintiff's injury; but it is expressly found that the sidewalk at the time of the injury was not in a state of good and sufficient repair, and that the plaintiff's injury was caused by such want of repair, and no exception is taken by the plaintiff to the court's failure to find that the defendant was guilty of a shortage of duty in the care of the tree in question.

There was no error in the judgment rendered on the facts found.

*Judgment affirmed.*