[Civ. No. 9898. Third Dist. Mar. 8, 1961.]

WILLIAM F. DAGGETT, JR., Petitioner; FORREST N. DAGGETT, as Executor, etc. (Substituted Petitioner), Appellant, v. ALAN CRANSTON, as State Controller, Respondent.

Foster & Gemmill for Appellant.

Stanley Mosk, Attorney General, and Willard A. Shank, Deputy Attorney General, for Respondent.

PEEK, Acting P. J.—This is an appeal from a judgment of dismissal entered following an order of the trial court sustaining respondent's demurrer without leave to amend.

On June 24, 1934, the then Controller of the State of California duly appointed William F. Daggett, Jr., to the position of inheritance tax appraiser for the county of Los Angeles. Daggett retained that position until approximately June 1, 1959, when he was dismissed by respondent, the present Controller. Shortly thereafter, Daggett filed a petition for writ of mandate by which he sought to be reinstated to his position as inheritance tax appraiser and to recover compensation allegedly lost by reason of his discharge. The foundation of this petition rested upon the theory that as of November 6, 1934, he became an employee of the State of California under the provisions of article XXIV of the Constitution of this state. He therefore claimed that he had permanent civil service status, and hence could not be dismissed except for cause and in accordance with the appropriate provisions of the Government Code. The trial court found against him and this appeal followed. Subsequent to the filing of the appeal, Dagget died and the appeal was continued by the executor of his estate.

By the terms of section 4 of article XXIV of the Constitution it is provided that:

"The provisions hereof shall apply to, and the term 'state civil service' shall include, every officer and employee of this State except: . . .

"(3) State officers and employees directly appointed or employed . . . by any court of record in this State or any justice, judge or clerk thereof."

It is our conclusion that an inheritance tax appraiser comes within the enumerated exceptions of the constitutional provision. In essence, an inheritance tax appraiser is employed by the superior court and not by the Controller. This is so even though the Controller is given the initial power to appoint and remove an appraiser (Rev. & Tax. Code, § 14771) and also the power to approve the fees payable to him (§ 14772 of the same code). Except for such powers which are, in the main, shared by the superior court, all of the other acts of the appraiser are controlled by the court. The fact that the Controller has the power to appoint the appraiser initially vests the appointee with no power or authority to act in any probate proceeding; that is, the power to authorize the inheritance tax appraiser to act in any probate proceeding resides solely in the judge of the court in which the estate is being probated. (Rev. & Tax. Code, § 14501.) Further, it is only through this appointment by the court that the appraiser can receive any compensation; and lastly, the amount of such compensation can only be set by the court. (Rev. & Tax. Code, § 14772.)

Although the position of an inheritance tax appraiser is somewhat anomalous in that more than one governmental entity is involved in his work and his control, it would appear that under the constitutional exemption and the statutory plan an inheritance tax appraiser is more correctly said to be employed by the court than by the controller. Although we have been cited to no case which directly deals with this question, nor has our research disclosed any, what case law does exist appears to favor the conclusion we have reached. (See *Estate of Haskins,* 170 Cal. 267 [149 P. 576].)

By reason of our conclusion regarding the employment status of the decedent, it becomes unnecessary to consider the question of damages.

The judgment is affirmed.

Schottky, J., and Warne, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.