**Freeman M. MILLER, Administrator of the Estate of Clesson Stewart,**

v.

**STATE OF VERMONT and Michael J. Griffin.**

Civ. A. No. 3318.

United States District Court
D. Vermont.

Jan. 11, 1962.

Finn & Davis, Barre, Vt., for plaintiff.

Thomas M. Debevoise, for State of Vermont.

Ryan, Smith & Carbine, Rutland, Vt., for defendant Michael J. Griffin.

GIBSON, District Judge.

This is an action brought by a citizen of the State of Florida for recovery of damages suffered as a result of the claimed negligence of the Defendants. The Defendant, State of Vermont, has moved for the dismissal of the suit on the ground that it falls within the prohibition of the 11th Amendment of the Constitution of the United States. The Plaintiff argues that the State of Vermont should not be dismissed as a Defendant because:

1. The State of Vermont is not the real party in interest in this proceeding, and

2. The State of Vermont, by its statutory waiver of sovereign immunity in 29 V.S.A. § 1403, consented to a suit in a federal court otherwise prohibited by the Constitution of the United States.

This Court finds, after hearing and upon consideration, that the State is the real party in interest and that there was no waiver.

The relevant statutory provisions are found in Title 29 V.S.A. §§ 1401–1406. Section 1401 commands the purchasing director to purchase insurance coverage for the benefit of the state and its employees while performing official duties. The policies are to be made payable to the state. Section 1403 provides:

> "When the state or a department or board purchases a policy of liability insurance under the provisions of section 1401 of this title, * * * it waives its sovereign immunity from liability to the extent of * * * the policy and consents to be sued."

Section 1404 provides that a judgment for more than maximum insurance coverage shall not be rendered against the state in a proceeding provided for in Section 1403.

Section 1406 provides that the governor, treasurer or auditor of the state may contract to insure state employees against personal liability in civil actions arising from the performance of their duties and while engaged within the scope of their employment. Again sovereign immunity is waived to the extent of insurance coverage.

## I.

The Plaintiff contends that the above provisions of the Vermont Statutes create a fund other than a public fund from which assessed damages are to come, and that only the insurer, not the state, is bound by the liability creating acts of state employees. Plaintiff contends that the insurer, not the state, is the real party in interest, and therefore this action is not one against the state and consequently does not fall within the prohibition of the 11th amendment.

■ The settled rule of the Supreme Court of the United States is that "whether a suit is within the prohibition of the eleventh amendment is not always determined by reference to the nominal parties on the record." In re Ayers, 123 U.S. 443, 487, 8 S.Ct. 164, 173, 31 L.Ed. 216 (1887). And in Illinois Central R. R. Co. v. Adams, 180 U.S. 28, 37, 21 S.Ct. 251, 45 L.Ed. 410 (1901), the Supreme Court, in considering the same matter, stated that it is a question best to be considered on the merits and, "If it were a suit directly against the State by name, it would be so palpably in violation of that amendment (11th) that the court would probably be justified in dismissing it upon motion; * * *." See also Scully v. Bird, 209 U.S. 481, 28 S.Ct. 597, 52 L.Ed. 899 (1908).

■■ However, assuming this Court should not be content with the rule so stated in determining this question, it can look behind the fact that the State of Vermont is ostensibly an interested party. One test is whether the state is made responsible in some way by the proceeding. State of Missouri v. Homestead Life Ass'n, 16 F.Supp. 69 (D.C. Mo., 1936), affirmed 90 F.2d 543 (CA 8th Cir., 1937), Cert. den. 302 U.S. 717, 58 S.Ct. 37, 82 L.Ed. 553 (1937); Cf. Larson v. Domestic & Foreign Corp., 337 U.S. 682, 687, 688, 69 S.Ct. 1457, 93 L.Ed. 1628 (1948). The Plaintiff has cited the case of Linger v. Pennsylvania Turnpike Commission, 158 F.Supp. 900 (D.C.Pa., 1958) in support of its contention that here the insurance company is the real party in interest. But the situation in the case at hand, clearly, is to be distinguished from the Linger case because that case turned on the fact that the Turnpike Commission, which was the named party in the action, was created by the state of Pennsylvania to function as the controlling operator of the Pennsylvania Turnpike. The Commission was an entirely separate entity in all managerial, functional and financial matters. It was determined that the state of Pennsylvania was not the real party in interest, and the Commission may be liable for negligence in the operation of the turnpike. In the present case, no such independent agency of the State of Vermont is created. The State

merely buys insurance like any private citizen, and then to that extent consents to suit for acts of its servants. The State of Vermont is the named defendant and is made responsible in an action brought under the insurance provisions. The relief obtained is against the state. The fact that an insurance company is the real source of the funds available to injured persons in no way involves the insurer as a real party in interest. This Court so holds.

## II.

Moving to the second question, it appears there are no decisions of the Vermont Supreme Court interpreting the relevant Vermont statutory provisions. The state unquestionably has consented to be sued. The Defendant makes no contention to the contrary. The sole question here is whether the consent to suit as expressed also waives the 11th Amendment prohibition against suit in a federal court. This Court feels bound by the widely accepted rule that a state's consent to suit in its own courts is not a waiver of the 11th Amendment privilege, and that consent by a state to suit in a federal court must be by express legislative authority and in clear and express language. Chicago R. I. & P. R. Co. v. Long, 181 F.2d 295 (CA 8th Cir., 1950), Cf. Smith v. Reeves, 178 U.S. 436, 440, 20 S.Ct. 919, 44 L.Ed. 1140 (1900); Chandler v. Dix, 194 U.S. 590, 24 S.Ct. 766, 48 L.Ed. 1129 (1904). In taxation cases, this rule has been most explicitly based on the reason that the state's own courts should hear tax litigation because of the impact on the state's finances. Kennecott Copper Corp. v. State Tax Commission, 327 U.S. 573, 66 S.Ct. 745, 90 L.Ed. 862 (1946). However the rule is by no means limited to tax litigation. Murray v. Wilson Distilling Co., 213 U.S. 151, 29 S.Ct. 458, 53 L.Ed. 742 (1909), was an action for specific performance of a contract, made by the state, to purchase liquor; Chicago R. I. & P. R. Co. v. Long, supra, was an action for declaratory judgment regarding an order of the Iowa State Commerce Commission; Skokomish Indian Tribe v. France, 269 F.2d 555 (CA 9th Cir., 1959), was an action to quiet title to lands; Copper S. S. Co. v. State of Michigan, 194 F.2d 465 (CA 6th Cir., 1952), was a libel against the state for damages resulting from a boat collision.

If the Vermont statute is tested by this rule, it falls short of waiving the 11th Amendment prohibition because there is no clear and express language to this effect.

This Court finds no real interpretative aid from the fact that a tort claims act was passed, to become effective October 1, 1961, providing for exclusive jurisdiction in the state courts over actions against the State of Vermont for negligent or wrongful acts of state employees 12 V.S.A. §§ 5601–5605. The Plaintiff contends this indicates that the Vermont Legislature must have thought that the insurance provisions included waiver of the 11th Amendment immunity. The Defendant contends that the tort claims provision of exclusive state jurisdiction indicates the legislative intent to limit the state insurance provisions to consent to state jurisdiction only. Whichever interpretation is favored, it would not be controlling in this case. This Court considers the rule derived from the cases outlined above as controlling here, and finds no waiver of the 11th Amendment's provision for state immunity in federal courts by the relevant provisions of the Vermont statutes, and so holds.

Concluding that the State of Vermont is the real party in interest, and that it has not waived its immunity to suit in this Court, this Court is without jurisdiction in the matter, and the motion to dismiss the Defendant State of Vermont must be, and is hereby granted.