James A. LEWIS, Administrator of the Estate of Rodney Spies

v.

STATE OF VERMONT, Beckwith Motors, Inc. and the Town of New Haven.

Civ. A. No. 5229.

United States District Court
D. Vermont.

Sept. 10, 1968.

Alden T. Bryan, Black, Wilson & Hoff, Burlington, Vt., for plaintiff.

James J. McNamara, McNamara, Fitzpatrick & Sylvester, Burlington, Vt., for defendant State.

Albert W. Coffrin, Coffrin & Pierson, Burlington, Vt., for defendant Beckwith Motors, Inc.

Charles F. Ryan and Robinson E. Keyes, Ryan, Smith & Carbine, Rutland, Vt., for defendant Town of New Haven.

## OPINION

LEDDY, District Judge.

The plaintiff, as the administrator of the estate of Rodney Spies and a citizen of the Commonwealth of Massachusetts, commenced this action in the United States District Court for the District of Vermont against the State of Vermont, Beckwith Motors, Inc., a Vermont corporation, and the Town of New Haven, Vermont. The complaint alleged that while the plaintiff's intestate was riding in a car driven by his mother on State Aid 2 in the Town of New Haven, Vermont, the negligence of the defendants caused the car to go out of control and collide with a large truck as it crossed a bridge spanning the New Haven River. The plaintiff seeks damages for the resulting fatal injuries to plaintiff's intestate.

The plaintiff alleges in paragraph 7 of his complaint that the defendants, State of Vermont and Town of New Haven, carried policies of liability insurance pursuant to Title 29 V.S.A. §§ 1401, 1403 and 24 V.S.A. § 1092 which were in full force and effect at the time of the alleged accident and that the said defendants thereby waived their sovereign immunity to the extent of the coverage.

The defendant, State of Vermont, has filed a motion to dismiss on the ground that the Court does not have jurisdiction over it.

The Town of New Haven has filed a motion to dismiss on the grounds that the Court lacks jurisdiction over the subject matter and over the person; that the Town of New Haven is not a citizen within the meaning of 28 U.S.C. § 1332; that the Eleventh Amendment to the

Constitution of the United States does not impart any power to authorize the bringing of suits by individuals against a State; and that the complaint does not state a claim upon which relief can be granted.

Title 29 V.S.A. § 1403 (Supp.1968) provides as follows:

"When the state or a department or board purchases a policy of liability insurance under the provisions of section 1401 of this title, and when a municipal corporation purchases a policy of liability insurance under section 1092 of Title 24, and when a county purchases a policy of liability insurance under the provisions of section 131 of Title 24, it waives its sovereign immunity from liability to the extent of the coverage of the policy and consents to be sued."

Plaintiff claims that by virtue of Title 29 V.S.A. § 1403 that the State waived its sovereign immunity to the extent of the coverage of the policy of insurance which it carried and that thereby jurisdiction was conferred on the Federal Court.

This identical question was before Chief Judge Gibson in Miller v. State of Vermont, 201 F.Supp. 930, 933 (D.Vt. 1962). Judge Gibson held that the United States District Court for the District of Vermont had no jurisdiction by virtue of the provisions of section 1403 of Title 29 and among other things stated as follows:

"The state unquestionably has consented to be sued. The Defendant makes no contention to the contrary. The sole question here is whether the consent to suit as expressed also waives the 11th Amendment prohibition against suit in a federal court. This Court feels bound by the widely accepted rule that a state's consent to suit in its own courts is not a waiver of the 11th Amendment privilege, and that consent by a state to suit in a federal court must be by express legislative authority and in clear and express language. * * *

"If the Vermont statute is tested by this rule, it falls short of waiving the 11th Amendment prohibition because there is no clear and express language to this effect."

■ I fully agree with Judge Gibson's decision that by the enactment of section 1403 the State of Vermont has not waived its immunity to suit in Federal Court and thus the motion to dismiss the defendant, State of Vermont, should be granted.

■ However, under the circumstances of this case, the Miller case is not controlling with respect to the right of the plaintiff to maintain his action against the Town of New Haven in Federal Court. The care and maintenance of public highways are governmental functions and, in the absence of statutory authority, both the State and a Town are immune from suit for this reason. Latulippe v. City of Burlington, 93 Vt. 434, 108 A. 425 (1919); Town of South Burlington v. American Fidelity Co., 125 Vt. 348, 215 A.2d 508 (1965).

■ Title 19 V.S.A. § 931 imposes a duty upon a town to keep in good and sufficient repair at all seasons of the year its highways and bridges other than those on the State highway system. The imposition of this duty alone would not render the Town of New Haven liable for the negligent acts of its officers and employees because, as pointed out in the Latulippe case, "[i]n such case the acts and omissions constituting the negligence complained of are not deemed to be the acts and omissions of the municipality, but rather those of the officers having charge of the matter who are considered as acting in behalf of the state in the performance of governmental functions." (93 Vt. at 436, 108 A. at 425). Latulippe v. City of Burlington further states that "the mere fact that a governmental duty is imposed upon a municipality, in the absence of any statutory provision relating to that matter, does not render the municipality liable for an injury resulting from the neglect of that duty."

(id. at 435–436, 108 A. at 425, emphasis supplied).

The State long ago adopted a statute imposing liability on towns to persons damaged by reason of the insufficiency or want of repair of a bridge or culvert which the town is obligated to keep in repair. That statute in its present form is Title 19 V.S.A. § 1371 and is as follows:

"(a) If damage occurs to a person, or his property, by reason of the insufficiency or want of repair of a bridge or culvert which the town is liable to keep in repair, the person sustaining damage may recover the same in an action of tort on this statute. If the damage accrues in consequence of the insufficiency or want of repair of a bridge erected and maintained by two or more towns, the action shall be brought against all the towns liable for the repairs; provided however, that the posts or guard shall not be considered as a part of a culvert where the danger is no greater at either end of the culvert than on the highway itself at either side of the culvert. The damage and costs shall be paid by the towns in the proportions in which they are liable for the repairs. The court, in its discretion, may issue execution against each town for its proportion only; provided that the liability hereunder shall not exceed $3,000.00 or, where insurance is carried, the maximum policy liability limits, whichever sum is greater, on account of injury to or death of a person and damage to his property."

■ In this case the plaintiff's complaint alleges that the accident occurred on State Aid 2 in the Town of New Haven, Vermont, also known as the River Road, on June 16, 1966. State aid highways are those highways controlled by the towns and selected as the most important highways in each town. State highways are those highways exclusively in charge of the State Highway Board, Title 19 V.S.A. § 1. Thus, by the definitions contained in section 1 of Title 19, it clearly appears from the pleadings that the accident is alleged to have occurred on a state aid highway and from Title 19 V.S.A. § 1371 that the Town is liable for the insufficiency or want of repair of a bridge or culvert on such highway.

In my judgment, Title 19 V.S.A. § 1371 distinguishes the *Latulippe* case from the present case and by virtue of that statute, the acts and omissions of the employees and officers of the Town of New Haven are considered to be the acts and omissions of that Town and, because of the statute, they are not considered as acting in behalf of the State in the performance of governmental functions in maintaining bridges and culverts on State aid roads.

The present situation is very similar to that existing in Grady County, Ga. v. Dickerson, 257 F.2d 369, 371 (5th Cir.), cert. denied 358 U.S. 909, 79 S.Ct. 237, 3 L.Ed.2d 230 (1958), which stated among other things, the following:

"Where the legislature of the state has imposed a duty upon counties and has provided for actions against counties to enforce liability for breaches of such duty, the state may not deprive the courts of the United States of the jurisdiction which it has under the Constitution and laws of the United States to decide cases where enforcement of such liabilities is sought."

■ Since the State of Vermont has provided by specific statute, namely Title 19 V.S.A. § 1371, a substantive right against a town for negligence in performing a governmental function and a remedy for its enforcement in the courts, it is my opinion that the Town of New Haven is properly joined as a party defendant in this Court under the Constitution and laws of the United States. Markham v. City of Newport News, 292 F.2d 711, 716 (4th Cir. 1961); Lincoln County v. Luning, 133 U.S. 529, 10 S.Ct. 363, 33 L.Ed. 766 (1890); N. M. Paterson & Sons, Ltd. v. City of Chicago, 176 F.Supp. 322, 323 (N.D.Ill.1959), rev'd on other grounds, 324 F.2d 254 (7th Cir. 1963).

Accordingly, the motion of the defendant, State of Vermont, for summary judgment is hereby granted for lack of jurisdiction and the motion of the Town of New Haven for such judgment is hereby denied.