338

A. G. RUSHLIGHT & CO., an Oregon corporation, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 7582.

United States District Court
D. Oregon.

Aug. 31, 1956.

Hutchinson, Schwab & Burdick, Denton G. Burdick, Jr., Portland, Or., for plaintiff.

Charles K. Rice, Asst. Atty. Gen., Andrew D. Sharpe, Allan A. Bowden, David R. Frazer, Attorneys, Dept. of Justice, Washington, D. C., C. E. Luckey, U. S. Atty., Portland, Or., Edward J. Georgeff, Asst. U. S. Atty., Portland, Or., for defendant.

CLARK, District Judge.

The taxpayer, A. G. Rushlight & Co., timely filed with the Collector of Internal Revenue for the District of Oregon, its corporation excess profits tax return for the year 1943 showing a liability of $96,-802.87.

This amount was duly paid or credited against outstanding taxes for other years and waivers were timely filed extending the assessment period to June 30, 1949. By reason of these waivers and the provisions of Section 322(b) (3) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 322(b) (3), the time for filing a refund claim for the year 1943 was extended for six months to December 31, 1949.

On May 28, 1948, the taxpayer was sent the statutory notice showing an income tax deficiency and an excess profits tax overassessment for 1943 and income

tax and excess profits tax deficiencies for 1944.

August 23, 1948, the taxpayer filed a petition with the Tax Court for redetermination as to all of these matters. Various negotiations continued and were pending for the following five years. In 1953, on stipulation of the parties, the Tax Court dismissed the petition as it pertained to redetermination of the overassessment on the grounds that it lacked jurisdiction.

On July 5, 1954, the taxpayer filed a formal claim for refund for 1943 excess profits taxes, alleging that the petition filed with the Tax Court was an informal refund claim, subject to amendment, and this claim as filed was such an amendment. On June 1, 1954, this claim for refund was rejected by the Commissioner, whereupon this suit was instituted by A. G. Rushlight and Co., taxpayer. This is only a brief summary of the facts the Court feels are most pertinent to its decision.

It is the government's contention that the petition filed with the Tax Court for the redetermination of 1943 and 1944 income tax deficiencies and 1943 excess profits tax overassessment cannot qualify as an informal claim for refund.

Sec. 322(b) (1), I.R.C.1939, 26 U.S.C. 1952 ed. § 322, provides that a claim for refund must be filed by the taxpayer within three years from the time the return was filed or within two years from the time the tax was paid and provision is also made for an extension of six months, which extension was made in this case.

Regulations 111, Sec. 29, 322–3, provides that the claim for refund shall be made on Form 843 and filed with the Collector of Internal Revenue. It is these regulations that the government contends have not been complied with during the statutory period and therefore, plaintiff cannot recover.

The taxpayer contends that its petition filed with the Tax Court within the statutory period, served as an informal claim which was perfected by the filing of the formal claim on January 5, 1954.

The Government concedes that if the taxpayer files an informal claim for refund with the Commissioner in writing, it may be sufficient to stay the statutory period within which a formal refund claim may be filed.

The regulations provide that the claim for refund should "set forth in detail and under oath each ground upon which a refund is claimed, and facts sufficient to apprise the Commissioner of the exact basis thereof." In the case of Smale and Robinson, Inc., v. U. S., D.C., 123 F. Supp. 457, at page 470 the Court, quoting Judge Prettyman in Keneipp v. U. S., 87 U.S.App.D.C. 242, 184 F.2d 263, at page 267, said:

> "'Claim [for refund of federal excise profits taxes paid] must be sufficient to advise the Commissioner of Internal Revenue as to the items as to which the taxpayer claims error and the grounds upon which the taxpayer makes his claim. If the Commissioner understands the grounds and deals with the claim on the basis of his understanding, the claim is sufficient. A basic public policy is involved in this broad doctrine. Insistence upon nice technicalities of expression on the part of taxpayers in dealings with the Government concerning taxes must certainly compel taxpayers to deal with the Government through technicians. The Bureau of Internal Revenue has long sought to encourage a direct, informal and non-technical presentation.'"

Certainly the petition filed gave sufficient notice and set forth the claim adequately.

■ It seems to be the government's theory that, while the petition might have served as an informal claim, if filed with the Commissioner, it did not because it was filed with the Tax Court; the former being an administrative agency under the executive branch of the Government and the latter coming under

the judiciary branch. This might be a general rule, but the facts of each individual case should determine its particular status.

The letter of May 28, 1948, advising the taxpayer of deficiencies in income tax for 1943 and 1944, and the overassessment on excess profits tax for 1943, with which we are here concerned, is, in this Court's opinion, ambiguous and misleading as to what steps the taxpayer should take.

Conspicuously attached to the front of the letter is a notice advising the taxpayer that if he decides to initiate a proceeding before the Tax Court, for a redetermination of deficiency he must do so within ninety days by filing the same with the Tax Court in Washington. The notice then says that under no circumstances should a petition for redetermination be forwarded to the Commissioner or Collector of Internal Revenue.

The letter itself continues on and says "Should you not desire to file a petition, you are requested to execute the enclosed form and forward it to the Internal Revenue Agent in charge, Seattle, Washington." The taxpayer is also advised that the signing of this form will expedite the closing of their returns.

The statement, also enclosed with the letter, states:

"The overassessment shown herein will be made the subject of a certificate of overassessment which will reach you in due course, * * * and will be applied * * * provided that you fully protect yourself against the running of the statute of limitations * * * by filing with the collector of internal revenue for your district, a claim for refund on Form 843, a copy of which is enclosed * * * *".

This Court feels no amazement, taking into consideration all this correspondence—notices, letters, statements, etc.,— that this taxpayer failed to execute the claim for refund relating to the overassessment and file the same with the local collector, but rather filed a petition with the Tax Court for redetermination of all of the Commissioner's findings.

The other happenings which the Court feels are pertinent are (1) the Tax Court served two copies of the petition on the Commissioner who thereupon forwarded same to the Portland office; and (2) Whether as a result of that petition or not, the Commissioner did, over a period of years, investigate the matters set forth in the petition, as though it were a claim for refund. When the amount of the overassessment and overpayment was agreed upon in 1953, it was then discovered that the Plaintiff had not filed Form 843. The taxpayer then executed said Form as an Amended Claim for Refund.

■ The Court can understand that in the event a petition, even though adequate for an informal claim for refund, was filed with the Tax Court but never reached the Commissioner, the Commissioner would have no notice and the statutory and regulatory provisions would not have been fulfilled. However, such is not the case here. The petition, along with other allegations, sets forth the matters relating to the overassessment and overpayment and, the Court feels, may be considered as an informal claim for refund.

■ Further, although not filed with the Commissioner, it reached his hands and the Court considers this adequate, under the facts as set forth herein, to meet all the requirements. This Claim was perfected by the Amended Claim, filed on Form 843, after the statute of limitations had run.

While not complying with all the technicalities of the Regulations, the taxpayer acted in good faith, and while he perhaps erred technically, still the end purpose was accomplished. Good conscience will not permit this Court to penalize the taxpayer in such a situation. Therefore, the taxpayer is entitled to recover the balance of $30,860.94, representing a part of an overpayment of excess profits tax liability for 1943, the remainder of which has been refunded.

Counsel for Plaintiff may prepare Findings of Fact, Conclusions of Law and Judgment in accordance herewith, submitting the original to the Court and serving a copy on opposing counsel.