Ford J. DE HAVEN, as Sole Surviving Trustee and Sole Surviving Director of Lake Eloise Groves, Inc., a dissolved Florida corporation, Plaintiff,

v.

John L. FAHS, formerly Collector of Internal Revenue for the District of Florida, Defendant.

John A. SNIVELY, Jr., Trustee and Assignee of Lake Eloise Groves, Inc., a dissolved Florida corporation, Plaintiff,

v.

John L. FAHS, formerly Collector of Internal Revenue for the District of Florida, Defendant.

Ford J. DE HAVEN, as Sole Surviving Statutory Trustee and Sole Surviving Director of Lake Eloise Groves, Inc., a dissolved Florida corporation, Plaintiff,

v.

Laurie W. TOMLINSON, District Director of Internal Revenue, District of Florida, Defendant.

Civ. Nos. 381, 382, Ocala, 3867, Jacksonville.

United States District Court
S. D. Florida,
Ocala Division.
June 19, 1959.

William R. Frazier, Hill & Frazier, Jacksonville, Fla., for plaintiffs.

James L. Guilmartin, U. S. Atty., and Edith House, Asst. U. S. Atty., Jacksonville, Fla., and George Elias, Jr., Atty., Tax Division, Dept. of Justice, Washington, D. C., for defendants.

SIMPSON, District Judge.

These cases, consolidated for trial by Order of Court, pursuant to agreement of counsel, for the recovery of corporate income and declared value excess profits taxes and interest thereon were tried before the Court without a jury. From the pleadings, documentary exhibits, testimony, oral argument and written briefs of counsel, the Court makes the following

### Findings of Fact.

1. Lake Eloise Groves, Inc., is a dissolved Florida corporation (hereinafter sometimes referred to as the company). It was incorporated under the laws of the State of Florida on April 16, 1928.

2. The company owned and operated approximately 272 acres of citrus groves in and near the City of Winter Haven, Florida, which property was acquired from a corporation known as Hundred Lakes Corporation during the year 1928.

The corporation forfeited its charter to the State of Florida for non-payment of its capital stock tax on September 19, 1936. The business of the corporation was continued and corporate income tax returns were filed on its behalf by Growers Loan & Guaranty Company of Tampa, Florida, as Trustee, for the fiscal years ended April 30, 1942 through 1943, inclusive.

In filing the company's return for the fiscal year ended April 30, 1942, an income tax liability of $7,510.77 was indicated and paid in full as follows:

| Date of Payment | Amount |
|---|---|
| June 18, 1942 | $ 1,877.70 |
| October 15, 1942 | 1,877.70 |
| February 3, 1943 | 1,877.70 |
| April 16, 1943 | 1,877.67 |

In filing the company's return for the fiscal year ended April 30, 1943, an income tax and declared value excess profits tax liability of $31,702.07 was indicated, which was paid in full as follows:

| Date of Payment | Amount |
|---|---|
| September 20, 1943 | $ 429.83 |
| July 23, 1943 | 7,500.00 |
| January 12, 1944 | 7,925.50 |
| January 22, 1944 | 7,925.50 |
| April 24, 1944 | 7,921.24 |

The Growers Loan & Guaranty Company was trustee of the company's assets under a trust instrument dated October 14, 1932, which gave it full power to control and operate the citrus grove property.

3. On October 15, 1943, John A. Snively, Sr., now deceased, owned approximately 94% of the company's preferred stock outstanding and approximately 50% of its common stock.

4. On November 1, 1943, the company entered into an agreement to convey all of its assets, including the 272 acres of citrus grove, to John A. Snively, Jr., as trustee of the Snively Trust for $135,930 in cash and an assumption of all existing liabilities.

The Snively Trust was created by an instrument dated December 28, 1941. John A. Snively, Jr., the trustee of this

trust, was the son of John A. Snively, Sr., deceased, and the beneficiaries of the Snively Trust were the grandchildren of John A. Snively, Sr.

The Deed to the citrus grove was dated November 15, 1943, and was delivered, together with an assignment of other assets belonging to the company, to John A. Snively, Jr., trustee, sometime after December 10, 1943, following an Order of the Circuit Court of Polk County, Florida, approving and authorizing the sale on behalf of the dissolved corporation. At the time of delivery of this Deed, John A. Snively, Jr., executed a new Trust Agreement setting forth his duties with respect to the Lake Eloise grove.

5. Ford J. DeHaven is the sole surviving statutory trustee of the assets of Lake Eloise Groves, Inc., the dissolved Florida corporation. In filing the corporation's Federal income tax return for the fiscal year ended April 30, 1944, Mr. DeHaven claimed a loss on the sale of $503,225.58. This loss was sufficient to wipe out the corporation's taxable net income for the fiscal year ended April 30, 1944.

6. On May 12, 1945, claims for refund (Form 843) were filed, seeking a refund of the income tax paid by Eloise Groves, Inc., for its fiscal year ended April 30, 1942, in the amount of $7,510.77, and a similar claim for its fiscal year ended April 30, 1943, in the total amount of $31,702.07, consisting of income tax in the amount of $27,101.33 and declared value excess profits tax in the amount of $4,600.74, signed by "John A. Snively, Jr.—Trustee-Assignee of Lake Eloise Groves, Inc., Dissolved." These claims were filed on the theory that the loss resulting from the sale of the citrus grove and other assets of Lake Eloise Groves, Inc., during its fiscal year ended April 30, 1944, created a net operating loss carryback which was more than sufficient in amount to eliminate the corporation's entire tax liability for the fiscal years ended April 30, 1942 and 1943, under Sections 23(a) and 122 of the 1939 Code, 26 U.S.C.A. §§ 23(a), 122.

7. Subsequently, an Agent of the Bureau of Internal Revenue, in auditing the return filed by the company for its fiscal year ended April 30, 1944, determined that the loss suffered in the amount of $503,225.58 was not allowable on the grounds that the loss deduction was prohibited under the provisions of Section 24(b) (1) (A) and Section 24 (b) (1) (B) of the 1939 Code, 26 U.S. C.A. § 24(b) (1) (A, B).

8. After the Agent's examination and prior to the date the statutory notice of deficiency was issued, John A. Snively, Sr., executed an agreement in writing dated June 10, 1946, which acknowledged that he was a transferee of the assets of Lake Eloise Groves, Inc., the dissolved corporation, and agreed to the payment of all deficiencies in income tax and excess profits tax which might be ultimately determined to be due from the company for its fiscal years ended April 30, 1942 to 1945, inclusive.

9. A statutory notice of deficiency dated October 2, 1950, was issued against John A. Snively, Sr., as transferee of the assets of Lake Eloise Groves, Inc., the dissolved corporation. The deficiencies asserted against John A. Snively, Sr., as trustee, were as follows:

| Fiscal Year Ended | 4–30–42 | 4–30–43 | 4–30–44 | Total |
|---|---|---|---|---|
| Income Tax | 44.83 | 1,752.15 | 32,286.01 | 34,082,99 |
| Declared Value Excess Profits Tax | | 666.14 | 43,892.18 | 44,558.32 |
| Excess Profits Tax | | | 190,614.22 | 190,614.22 |
| 25% Delinquency Penalty | | | 42,888.27 | 42,888.27 |
| | 44.83 | 2,418.29 | 309,680.68 | 312,143.27 |

10. Thereafter, Mr. Snively filed a petition in the Tax Court of the United States seeking a redetermination of the deficiencies asserted against him as transferee of the company.

11. On April 22, 1953, the Tax Court promulgated its findings of fact and opinion (Snively v. Commissioner, 20 T.C. 136), holding, in effect, that the loss claimed by Lake Eloise Groves, Inc., as shown by its return for the fiscal year ended April 30, 1944, was allowable in full and that the company had suffered a net operating loss carryback sufficient to eliminate its entire taxable net income for the fiscal years ended April 30, 1942 and 1943. Following this, the decision of the Court was entered on September 9, 1953, which ultimately became final.

12. On January 25, 1952, John A. Snively, Sr., filed an amendment to his petition in the Tax Court alleging that Claims for Refund had been filed on behalf of the company and that the company was entitled to a refund of income and declared value excess profits taxes for the fiscal years ended April 30, 1942 and 1943, in the respective amounts of $7,510.77 and $31,702.07, plus statutory interest, by virtue of the application of a net operating loss deduction suffered during the fiscal year ended April 30, 1944, and that said claims had been filed within the time prescribed under Section 322(b) (6) of the 1939 Code, 26 U.S.C.A. § 322(b) (6).

13. Waivers of the statute of limitations upon assessments (Form 977) were executed by John A. Snively, Sr., with respect to the returns of Lake Eloise Groves, Inc., for its fiscal years ended April 30, 1942 to 1944, inclusive, under which the statute of limitations was extended to June 30, 1951.

14. The Tax Court held that it had no jurisdiction to determine that Lake Eloise Groves, Inc., was entitled to a refund of taxes for its fiscal years ended 1942 and 1943 in a transferee proceeding and that further Ford J. DeHaven, as trustee of the assets of the dissolved corporation, was not a party before the Court. Therefore, the Tax Court did not pass upon the propriety of the claims for refund as such and left the parties as it found them on this issue.

15. An Internal Revenue Agent by the name of Thomas S. Garrett, in examining the claim for refund filed on behalf of the company for the fiscal year ended April 30, 1942, filed a report dated June 5, 1945, allowing a refund to Lake Eloise Groves, Inc., as claimed in the amount of $7,510.77. The report was forwarded to John A. Snively, Jr., trustee and assignee of Lake Eloise Groves, Inc., by letter dated June 5, 1945.

16. The former Collector of Internal Revenue, John L. Fahs, executed a Certificate of Assessments and Payments (Treasury Form 899) relating to the account of Lake Eloise Groves, Inc., for its fiscal years ended April 30, 1942 through 1945, inclusive, which showed the filing of the two claims for refund and the original allowance of the claim for 1942 amounting to $7,510.77.

With respect to the tentative allowance of the claim filed for the fiscal year ended April 30, 1942, the Commissioner issued a Certificate of Overassessment, Schedule No. 101041, allowing the claim in the amount of $7,510.77 in the name of Lake Eloise Groves, Inc.

The Form 899 further discloses that the amount of the overassessment was not actually paid and contained the following statement:

"This item deleted from the schedule and payment withheld on instructions of Int Rev Agt in Charge per Bur Ltr dated 2–17–48–IT : C1 :- CC :3 :JA."

The Certificate of Assessments and Payments also showed that the claim (Form 843) for the taxable year 1943 in the amount of $31,702.07 was then pending.

17. Subsequently, another Revenue Agent by the name of H. L. Faulkner rendered a report dated April 19, 1946, relating to the income tax liability of Lake Eloise Groves, Inc., for the fiscal year ended April 30, 1942, in which the claim for refund of $7,510.77 previously

allowed resulting from the application of the net operating carryback, was disallowed and instead a deficiency of $44.83 was proposed. The explanation of this adjustment appearing in the report which was forwarded to John A. Snively, Jr., on August 25, 1946, stated as follows:

"Name Lake Eloise Groves, Inc.
"Year FY 4-30-42
"Schedule 1-A
"Explanation of Items
"(a) Carry-back eliminated

29,103.64

"See Agent's report dated March 26, 1946 covering examination of the subsequent years. The taxpayer filed a claim for refund covering the instant year, on account of a loss sustained on the sale of assets in the fiscal year ended April 30, 1944.

"Examination of the fiscal year ended April 30, 1944, disclosed the claimed loss to be unallowable. This will therefore eliminate a portion of the loss, used as a carry-back, as shown in agent's original report covering the taxable year, submitted under date of June 5, 1945.

"The elimination of the carry-back results in a deficiency of $44.83 and it is recommended that the claim for refund be rejected in full."

18. On March 26, 1946, Internal Revenue Agent H. L. Faulkner rendered a report covering his examination of the tax liability of Lake Eloise Groves, Inc., for its fiscal years ended April 30, 1943 to 1945, inclusive, in which he proposed a total increase in tax liability for the years in question of $312,098.97. This report was addressed to "Lake Eloise Groves, Inc., c/o Mr. John A. Snively, Winter Haven, Florida," by a letter signed by Harley Howard, Internal Revenue Agent in Charge, dated April 22, 1946.

The agent proposed the disallowance of the loss reported by the company with respect to the sale of its assets to the Snively Trust during the fiscal year 1944 in its entirety and thereby eliminating the net operating loss carrybacks claimed for the fiscal years ended April 30, 1942 and 1943. The Internal Revenue Agent at all times treated the taxpayer as Lake Eloise Groves, Inc., and he recommended that the claims for refund be disallowed.

19. Formal protests were filed with the Internal Revenue Agent in Charge to the proposed adjustments for the years in question, both by John A. Snively, Jr., trustee, and Lake Eloise Groves, Inc. The Internal Revenue Agent in Charge acknowledged receipt of the protests by letter dated May 27, 1946, and various correspondence took place between representatives of the office of the then Internal Revenue Agent in Charge and Mr. Ralph H. Schaar, the authorized representative of Lake Eloise Groves, Inc., and John A. Snively, Jr., dealing with the proposed deficiency, the protest and the possible basis for settlement of the matter. Finally, on August 25, 1950, the Head, Southern Division, Technical Staff, informed the attorney for Lake Eloise Groves, Inc., James P. Hill, that inasmuch as no mutually agreeable basis for settlement had been reached, a statutory notice would be issued against John A. Snively, Sr., as transferee of the assets of Lake Eloise Groves, Inc.

20. The statement accompanying the statutory notice of deficiency indicated that Lake Eloise Groves, Inc., was the transferor and John A. Snively, Sr., was transferee, and further stated, with respect to the claims for refund as follows:

"If a petition to the Tax Court of the United States is filed against the deficiencies proposed herein, the issue set forth in your claim for refund should be made a part of the petition to be considered by the Tax Court in any redetermination of your tax liability. If a petition is not filed, the claim for refund will be disallowed and official notice will be issued by registered mail, in ac-

cordance with section 3772 of the Internal Revenue Code."

21. Following the issuance of statutory notice of deficiency, John A. Snively, Sr., filed a petition with the Tax Court in December, 1950, wherein it was alleged at paragraph 32, page 8, and again at paragraph 3, page 10, that Lake Eloise Groves, Inc., had overpaid its corporate income and declared value excess profits taxes for its fiscal years ended April 30, 1942 and 1943, which claim was referred to in the Commissioner's statutory notice as follows:

"Lake Eloise Groves, Inc. paid income and declared value excess profits tax in the sum of $7,510.77 for the fiscal year ended April 30, 1942, and the sum of $31,702.07 for the fiscal year ended April 30, 1943. The sale of its assets to the Snively Trust in the fiscal year ended April 30, 1944, resulted in a loss of $503,225.58, and a net operating loss of $393,043.79 for said fiscal year, which latter sum is in excess of its entire net income for the fiscal years 1942 and 1943. By reason of the carryback of said net operating loss to its fiscal years ended in 1942 and 1943, the payment of the taxes aforesaid constitutes an overassessment of such taxes in the amount of $7,510.77 for the fiscal year ended April 30, 1942, and an overassessment of $31,702.07 for the fiscal year ended April 30, 1943.

"That Lake Eloise Groves, Inc., is entitled to refunds of income and declared value excess profits taxes for the fiscal years ended April 30, 1942 and 1943, in the amount of $7,-510.77 and $31,702.07, respectively, together with statutory interest, by virtue of the application of a net operating loss carry back from the fiscal year ended April 30, 1944, to the said fiscal years."

22. The Commissioner of Internal Revenue has at no time actually rejected the original claims for refund filed in this matter on May 12, 1945, in accordance with Section 3772 of the 1939 Code, 26 U.S.C.A. § 3772, and/or Section 6532(a) (1) of the 1954 Code, 26 U.S.C.A. § 6532(a) (1).

23. On September 9, 1955, Ford J. DeHaven, as sole surviving statutory trustee of Lake Eloise Groves, Inc., the dissolved Florida corporation, filed amended claims for refund on behalf of the company for its fiscal year ended April 30, 1942 and April 30, 1943, in the respective amount of $7,510.77 and $31,702.07 for the purpose of amending the original claims signed by John A. Snively, Jr., trustee and assignee of Lake Eloise Groves, Inc. (Dissolved) to make it clear that the claim was being made on behalf of the dissolved corporation. The amended claims in no way changed the basis or theory upon which the refunds in question were originally sought.

24. The Chief of the Audit Division of the Internal Revenue Service of Jacksonville, Florida, by letter dated April 23, 1956, informed Ford J. DeHaven that no further consideration would be given the amended claims on the grounds that they had not been timely filed.

25. Subsequently, the present suits were instituted seeking a refund of the tax paid by Lake Eloise Groves, Inc., for its fiscal years ended April 30, 1942 and 1943, resulting from an application of a net operating loss carryback from the company's fiscal year ended April 30, 1944. It was agreed between counsel for the parties that there can be only one recovery in these three suits, and that should the Court find in favor of the plaintiff in one action, the other two suits are to be dismissed with prejudice to the respective plaintiffs thereon.

26. The original claims for refund in question have been treated by the Commissioner of Internal Revenue and his agents as claims of Lake Eloise Groves, Inc., the dissolved Florida corporation.

27. The Bureau of Internal Revenue and the Internal Revenue Service have at all times been fully advised as to the claim for refund being made by Lake Eloise Groves, Inc., the dissolved Florida

corporation, commencing with the filing of the original claims on May 12, 1945.

28. Inasmuch as the Commissioner of Internal Revenue never rejected the original claims for refund seeking a refund of taxes paid by Lake Eloise Groves, Inc., for its fiscal years ended April 30, 1942 and 1943, as required by Section 3772(a) (2) of the 1939 Code, or Section 6532(a) (1) of the 1954 Code, Ford J. DeHaven, as the sole surviving statutory trustee of said dissolved corporation, had the right to file the amended claims on September 9, 1955, which may serve as a proper basis for suit in the proceeding carrying Docket No. 3867–Civil–Jacksonville, instituted more than six months from the dates the said claims were filed.

## Conclusions of Law.

1. The Court has jurisdiction of the parties and the subject matter of this action. Title 28 U.S.C.A. § 1340; Title 26 U.S.C.A. Section 3772.

2. The undisputed facts of this proceeding bring it within the informal or defective claims doctrine in accordance with the following cases: United States v. Memphis Cotton Oil Co., 1933, 288 U.S. 62, 53 S.Ct. 278, 77 L.Ed. 619; Bemis Brothers Bag Co. v. United States, 1937, 289 U.S. 28, 53 S.Ct. 454, 77 L.Ed. 1011; United States v. Kales, 1941, 314 U.S. 186, 62 S.Ct. 214, 86 L.Ed. 132; Bonwit Teller & Co. v. United States, 283 U.S. 258, 51 S.Ct. 395, 75 L.Ed. 1018; Newton v. United States, Ct.Cl.1950, 163 F.Supp. 614. This doctrine has been followed by the Court of Appeals for the Fifth Circuit in Livermore v. Miller, 1938, 94 F.2d 111 and United States v. Humble Oil & Refining Co., 1934, 69 F.2d 214. See also SoRelle v. United States (D.C.N.D.Tex. No. 222B), 1957–2 U.S. T.C. ¶ 9867, and A. G. Rushlight & Co. v. United States, D.C.Or.1958, 146 F.Supp. 338.

3. At all times pertinent hereto, the Commissioner of Internal Revenue has treated and considered on the merits the original claims as constituting claims for refund made and filed on behalf of the said Lake Eloise Groves, Inc., the dissolved corporation, with respect to the refund claimed of income and declared value excess profits taxes paid by it for the fiscal years ended April 30, 1942 and April 30, 1943, by virtue of the filing of the said original and amended claims, the Commissioner was at all times advised that said dissolved corporation was claiming the refund involved in these suits and the precise grounds therefor.

4. The amended claims filed by plaintiff, Ford J. DeHaven, in case No. 3867–Civil–Jacksonville, on September 9, 1955, in no way changed the grounds for refund asserted in the original claims filed on May 12, 1945, seeking a refund of the taxes involved in this proceeding, but served merely to correct a technical defect in the original claims relating to the party who had executed them.

Whereupon, It Is Ordered and Adjudged that judgment be entered in favor of the plaintiff, Ford J. DeHaven, as Sole Surviving Statutory Trustee and Sole Surviving Director of Lake Eloise Groves, Inc., a dissolved Florida corporation, in case No. 3867–Civil–Jacksonville, in the amount of $39,212.84, plus statutory interest from May 12, 1945, pursuant to Section 3771(e) of the 1939 Code, 26 U.S.C.A. § 3771(e); and in accordance with agreements of counsel, the plaintiff's complaint in the case of Ford J. DeHaven, as Sole Surviving Trustee and Sole Surviving Director of Lake Eloise Groves, Inc., a dissolved Florida corporation, plaintiff, v. John L. Fahs, formerly Collector of Internal Revenue for the District of Florida, defendant, No. 381–Civil–Ocala, and the case of John A. Snively, Jr., trustee and assignee of Lake Eloise Groves, Inc., a dissolved Florida corporation, plaintiff, v. John L. Fahs, formerly Collector of Internal Revenue for the District of Florida, defendant, No. 382–Civil–Ocala, be and the same are hereby dismissed with prejudice to the respective plaintiffs therein. Counsel are instructed to settle judgment in accordance herewith.